44 F.3d 960
 31 Fed.R.Serv.3d 347
 Robert H. BURNS, Plaintiff-Appellant,
v.
C. LAWTHER, Physicians Assistant, J. Torres, Physicians
Assistant, United States of America, Federal
Bureau of Prisons, Defendants-Appellees,
Douglas W. Henry, Edward Staffire, Movants.
 No. 93-6719
Non-Argument Calendar.
 United States Court of Appeals, Eleventh Circuit.
 Feb. 14, 1995.
 
 Robert H. Burns, pro se.
 Claude Harris, Winfield J. Sinclair, Asst. U.S. Attys., Birmingham, AL, for appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before DUBINA, BLACK and BARKETT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Prisoner appeals the district court's finding that he waived his right to a jury trial by not making a timely demand within Fed.R.Civ.P. 38(b). We find that the district court erred in denying Appellant a jury trial and, therefore, vacate and remand.[1]
 
 I. BACKGROUND
 
 2
 Appellant Robert H. Burns is a federal prisoner. The events giving rise to this action occurred while he was housed at the Federal Correctional Institution at Talladega, Alabama (FCIT).
 
 
 3
 In the spring and summer of 1988, Appellant suffered from a medical condition known as a fistula, which occurs when an organ's swelling interferes with the operation of another organ. The fistula eventually required surgery and, according to the Appellant, caused him considerable pain from May 1988 until August 1988. Appellant's Bivens[2] claim contends that two physician's assistants at FCIT, Appellees Lawther and Torres, were deliberately indifferent to his known medical needs in violation of the Eighth Amendment. Appellant also brought a Federal Tort Claims Act[3] (FTCA) action against Appellee United States of America alleging negligence arising from the same facts and circumstances.[4]
 
 
 4
 Appellant filed his original complaint in March 1990, but did not make a demand for jury trial at that time. The original complaint alleged only an Eighth Amendment Bivens violation by Appellees Lawther and Torres. In April 1990, the Magistrate Judge managing the case ordered Lawther and Torres to file a "special report" responding to the complaint. The order stated:
 
 
 5
 The special report should address each and every allegation made by the plaintiff. If the defendants wish to do so, they may submit a special report under oath or accompanied by affidavits so that the Court may, if appropriate, consider the special report as a motion for summary judgment.... The defendants are not required to file an answer or other responsive pleading (except for the special report requested herein) until this preliminary review has been completed.
 
 
 6
 Lawther and Torres responded in June 1990, denying Appellant's allegations and submitting affidavits and records disputing Appellant's version of the facts.
 
 
 7
 In March 1991, nine months after Lawther and Torres filed their special report, Appellant filed two amended complaints which added the FTCA claims and included a demand for jury trial. Appellees supplemented their special report in response to this amended complaint. In May, the magistrate judge decided to treat the special reports as motions for summary judgment when deciding whether the case should go to trial.
 
 
 8
 In September 1991, the magistrate recommended that the action proceed to trial against Lawther and Torres on the Bivens claim, and against the United States under the FTCA. The district court adopted the magistrate's report and recommendation later that month. Appellees Lawther, Torres, and the United States finally answered Appellant's complaints on September 30, 1991, over six months after the first demand for jury trial was made.
 
 
 9
 The case was set for a non-jury trial over Appellant's objection. A trial before the district judge was held in June 1993. After the two-day bench trial, the district court ruled for Appellees on all claims. This appeal follows.II. DISCUSSION
 
 A. Standard of Review
 
 10
 Interpreting the Federal Rules of Civil Procedure presents a question of law subject to de novo review. McBride v. Sharpe, 25 F.3d 962, 967-68 (11th Cir.), cert. denied, --- U.S. ----, 115 S.Ct. 489, 130 L.Ed.2d 401 (1994). We review the denial of a jury trial with the most exacting scrutiny. City of Morgantown, W. Va. v. Royal Ins. Co., 337 U.S. 254, 258, 69 S.Ct. 1067, 1070, 93 L.Ed. 1347 (1949); LaMarca v. Turner, 995 F.2d 1526, 1544 (11th Cir.1993), cert. denied, --- U.S. ----, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994).
 
 
 11
 B. Entitlement to a Jury Fact-finder Under the Seventh Amendment
 
 
 12
 There is no dispute that Appellant's Eighth Amendment Bivens claim for damages is a legal dispute, entitling either party to a jury fact-finder under the Seventh Amendment. See, e.g., Curtis v. Loether, 415 U.S. 189, 193, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260 (1974); Waldrop v. Southern Co. Serv., Inc., 24 F.3d 152, 156 (11th Cir.1994). There also is no dispute that Appellant's FTCA action against the United States does not entitle him to a jury fact-finder. 28 U.S.C. Sec. 2402; see Galloway v. United States, 319 U.S. 372, 388 n. 17, 63 S.Ct. 1077, 1086 n. 17, 87 L.Ed. 1458 (1943). Thus, the issue to be resolved is whether Appellant invoked his right to a jury fact-finder on his Bivens claim according to the Federal Rules of Civil Procedure.
 
 C. Jury Trial of Right Under Rule 38
 
 13
 The Seventh Amendment right to a civil jury is not absolute and may be waived if the request for a jury was not timely. See LaMarca, 995 F.2d at 1544-45; General Tire & Rubber Co. v. Watkins, 331 F.2d 192, 197 (4th Cir.), cert. denied, 377 U.S. 952, 84 S.Ct. 1629, 12 L.Ed.2d 498 (1964). Nevertheless, because the right to a jury trial is fundamental, "courts must indulge every reasonable presumption against waiver." LaMarca, 995 F.2d at 1544 (quoting Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 391-95, 57 S.Ct. 809, 811-12, 81 L.Ed. 1177 (1937)).
 
 
 14
 The procedure for determining the timeliness of a party's jury demand is contained in Federal Rule of Civil Procedure 38, which states that "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." Fed.R.Civ.P. 38(d). A party makes a timely demand for jury trial:
 
 
 15
 by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d).
 
 
 16
 Fed.R.Civ.P. 38(b) (emphasis added).
 
 
 17
 In this case, the district court found that Appellant waived his jury trial right by failing to demand a jury trial within ten days after service of the last pleading directed to such an issue as required by Rule 38(b)(1). The district court presumably concluded that the special reports responding to Appellant's original complaint constituted the "last pleading directed to such issue" within the meaning of the rule. Appellant's demand for jury trial arrived nine months after the special reports and, therefore, the district court found his demand untimely.[5]
 
 
 18
 Appellant maintains that the district court erred by treating the special reports as a "pleading" within the meaning of Rule 38(b). Appellant points to Appellee's answers, filed six months after his demand for jury trial, as the last pleading. Accordingly, Appellant insists that his demand was timely within the meaning of Rule 38. Thus, the narrow question on appeal is what constitutes a "pleading" within the meaning of Rule 38.
 
 
 19
 The Federal Rules of Civil Procedure, like any statutory scheme, should be given their plain meaning. Business Guides, Inc. v. Chromatic Communications Enter., Inc., 498 U.S. 533, 540, 111 S.Ct. 922, 928, 112 L.Ed.2d 1140 (1991); Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120, 122, 110 S.Ct. 456, 458, 107 L.Ed.2d 438 (1989). In seeking the meaning of "pleading" in Rule 38, we should begin by "looking to the provisions of the whole law ...," John Hancock Mut. v. Harris Trust & Sav. Bank, --- U.S. ----, ----, 114 S.Ct. 517, 523, 126 L.Ed.2d 524 (1993) (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 51, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987)), and should avoid interpretations contrary to the rest of the statutory scheme. See United Sav. Ass'n v. Timbers of Inwood Forest, 484 U.S. 365, 370, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988). In this way, "[a] provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme--because the same terminology is used elsewhere in a context that makes its meaning clear...." Id.
 
 
 20
 Standing alone, it would be difficult to determine what constitutes a pleading under Rule 38. Fortunately, the Rules themselves provide a clear and precise meaning of "pleadings" in Rule 7. Rule 7(a) states:
 
 
 21
 Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim ...; a third-party complaint ...; and a third-party answer.... No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.
 
 
 22
 Fed.R.Civ.P. 7(a) (emphasis added).
 
 
 23
 The special reports filed in this case do not constitute pleadings within the plain meaning of Rule 7(a). Rule 7 clearly states that a pleading is (1) a complaint, (2) an answer, (3) a reply to a counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint, or (6) a third-party answer. Under the well-settled doctrine of inclusio unius, exclusio alterius, the listing of some things implies that all things not included in the list were purposefully excluded. See O'Melveny & Myers v. FDIC, --- U.S. ----, ----, 114 S.Ct. 2048, 2054, 129 L.Ed.2d 67 (1994). More important, Rule 7 explicitly excludes everything else from its definition of pleadings.
 
 
 24
 While the question we resolve today is one of first impression in this Court, other courts and authorities[6] agree that the meaning of "pleading" in Rule 38 should be governed by the text of Rule 7. The D.C.Circuit cited Rule 7(a) when it decided that neither a cross-motion for summary judgment nor the opposition to that motion could constitute pleadings within the meaning of Rule 38. In re Zweibon, 565 F.2d 742, 747 (D.C.Cir.1977). The Fourth Circuit has held that Rule 7(a) precludes construing a statutorily required "notice" as a Rule 38 pleading. General Tire, 331 F.2d at 195-96. The Eighth Circuit has held that Rule 7(a) preserves a litigant's jury trial right until after the filing of a reply to a counterclaim. Curry v. Pyramid Life Ins. Co., 271 F.2d 1, 5-6 (8th Cir.1959), cert. denied, 361 U.S. 933, 80 S.Ct. 373, 4 L.Ed.2d 355 (1960). Finally, we note that this Court, in determining what constitutes a pleading under Rule 15, has stated that "[n]either a motion to dismiss nor a motion for summary judgment constitutes responsive pleadings for purposes of the federal rules." Chilivis v. Securities & Exchange Commission, 673 F.2d 1205, 1209 (11th Cir.1982).
 
 
 25
 We hold that the plain text of Rule 7(a) defines what constitutes a pleading for purposes of Rule 38. On remand, the district court should consider Appellee's answer to Appellant's complaint as the "last responsive pleading" and, consequently, treat Appellant's jury demand as timely filed.
 
 D. Harmless Error
 
 26
 Appellees argue that "any error in denying the jury trial demand would be harmless error as the District Court entered a finding that [Appellant] was not a victim of medical negligence in [the] FTCA case ..., therefore [Appellant] is precluded from relitigating those claims against the individual defendants." Although a harmless error analysis may be applied to denials of a jury trial, LaMarca, 995 F.2d at 1544, this may be done only where the issues could have been disposed of on summary judgment or judgment as a matter of law. See United States v. Williams, 441 F.2d 637, 644 (5th Cir.1971).[7] Appellees do not argue that Appellant's evidence could not withstand a motion for judgment as a matter of law.[8] Instead, they urge that facts found by the judge in Appellant's FTCA claim would collaterally estop him from relitigating the same facts before the jury in his Bivens action.
 
 
 27
 Appellees' position flies in the face of the Seventh Amendment. Beacon Theatres v. Westover, 359 U.S. 500, 509-12, 79 S.Ct. 948, 956-57, 3 L.Ed.2d 988 (1959) foreclosed the possibility that non-jury portions of a proceeding under the Federal Rules of Civil Procedure can preclude a jury's consideration of the legal portions of the same case. "When legal and equitable claims are joined in the same action, the right to jury trial on the legal claim, including all issues common to both claims, remains intact." Lytle v. Household Mfg., Inc., 494 U.S. 545, 550, 110 S.Ct. 1331, 1335, 108 L.Ed.2d 504 (1990) (quoting Curtis, 415 U.S. at 196, n. 11, 94 S.Ct. at 1009, n. 11). "[O]nly under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims." Id. (quoting Beacon Theatres, 359 U.S. at 510, 79 S.Ct. at 957). Appellee does not attempt to identify any "imperative circumstances" which might possibly justify depriving Appellant of his Seventh Amendment rights.
 
 
 28
 In cases like this, where the district judge carefully weighed the evidence and found it lacking, it is tempting to search for ways to affirm the district court. "But juries are not bound by what seems inescapable logic to judges." Morissette v. United States, 342 U.S. 246, 275, 72 S.Ct. 240, 256, 96 L.Ed. 288 (1952). We therefore hold that the district court's decision cannot stand. Appellant is entitled to a jury fact-finder on all issues touching his Bivens claim, and the district court must accept the jury's fact-finding, subject only to Rule 50's judgment as a matter of law standards, when deciding Appellant's FTCA claim.
 
 III. CONCLUSION
 
 29
 The district court erred in finding that Appellant waived his right to a jury trial. On remand, a new trial should be held before a jury.
 
 
 30
 VACATED AND REMANDED.
 
 
 
 [1]
 After carefully considering the other arguments raised on appeal, we conclude that they are without merit and do not discuss them
 
 
 [2]
 Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)
 
 
 [3]
 See 28 U.S.C.A. Secs. 1346(b), 2674 (West 1994)
 
 
 [4]
 Appellant also sued Lawther, Torres, the Bureau of Prisons, and other unknown physician's assistants at FCIT as FTCA defendants. These claims were either dismissed or construed as suits against the United States and are not at issue in this appeal
 
 
 [5]
 Appellant's amended complaint could not revive any waived right to jury trial because it did not raise any new issues which carry a Seventh Amendment right to jury trial. See Moore v. United States, 196 F.2d 906, 908 (5th Cir.1952)
 
 
 [6]
 See 5 Wright & Miller, Federal Practice & Procedure, Sec. 1189 (1990) ("Rule 7(a) ... provide[s] a clear and definite guide" to when the pleadings close, which is important "because it aids in determining ... whether a demand for a jury trial should be filed, [and] whether a party has waived his right to a jury trial by failing to make a timely demand....")
 
 
 [7]
 In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981
 
 
 [8]
 It does not appear the Appellees even moved for a judgment as a matter of law