[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13330

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 08-02451-CV-WBH-1, 05-86016 BKC-JE


In Re:

　　　MOUZON ENTERPRISES, INC.,

Debtor.

_____


GEORGIA DEPARTMENT OF REVENUE,

Plaintiff-Appellant,

versus

MOUZON ENTERPRISES, INC.

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 8, 2010)

Before EDMONDSON and MARCUS, Circuit Judges, and BARBOUR,[*] District Judge.

BARBOUR, District Judge:

The matter on appeal pertains to the manner in which Rule 9024 of the Federal Rules of Bankruptcy Procedure is to be applied. Concluding that the courts below erred in holding that an order resolving a claim that has been objected to, but not litigated, constitutes an order "entered without a contest" for the purposes of Rule 9024, we REVERSE.

## I. Background

On December 5, 2005, Appellee, Mouzon Enterprises, Inc. ("Mouzon"), filed a Petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia. Thereafter, the Georgia Department of Revenue ("Department") filed a Proof of Claim establishing a priority tax claim in the amount of $472,591.89, and an unsecured claim, which represented accrued penalties and interest, in the amount of $69,098.79. A portion of the amounts claimed by the Department were estimated because Mouzon had failed

[*]Honorable William Henry Barbour, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

2

to file sales and use tax returns between December of 2000 and December of 2005.

After filing several delinquent tax returns, Mouzon objected to the Proof of Claim filed by the Department. In its Objection, Mouzon argued that according to its recently filed tax returns, the priority tax claim should not have exceeded $83,031.94, and the unsecured claim was subject to recalculation based on its actual tax liability. In response, the Department argued that according to its review of the delinquent tax returns, its priority tax claim and unsecured claim should be reduced to the amounts of $204,497.81, and $29,055.61, respectively. As with the prior Proof of Claim, portions of the revised amounts claimed by the Department had been estimated because Mouzon had not yet filed all of its delinquent returns. On September 21, 2006, following discussions between the Department and Mouzon by which the latter's objections were resolved, the bankruptcy judge entered a Consent Order allowing the Department a priority tax claim in the amount of $174,348.84, and an unsecured claim in the amount of $29,683.15. The bankruptcy case was voluntarily dismissed on June 20, 2007.

Following dismissal of the bankruptcy case, the Department issued Assessments against Mouzon and its Corporate Officers, Milton Mouzon and Glenda Robertson Mouzon.[1] The Corporate Officers appealed the Assessments, and their appeals were

---

[1] The Official Assessments against the Corporate Officers were issued pursuant to O.C.G.A. § 48-2-52, by which certain corporate officers may be held personally liable for the

3

referred to the Office of State Administrative Hearings. On administrative appeal, the Corporate Officers claimed they discovered errors in the delinquent tax returns prepared for Mouzon, specifically, that the returns had included labor costs as taxable income. Based on this discovery, the Corporate Officers challenged the Assessments arguing that the amounts claimed therein were erroneous because they were based, in part, on labor costs that are not subject to sales tax under state law. In response, the Department argued that the Corporate Officers did not have standing to challenge the tax liability of Mouzon, and that the tax liability of Mouzon had already been determined by the Consent Order entered by the bankruptcy court.

On December 27, 2007, Mouzon and its Corporate Officers filed a motion seeking to reopen the bankruptcy case for the purpose of determining the tax liability of Mouzon. The motion was granted on December 31, 2007. On April 7, 2008, Mouzon filed a motion seeking to vacate the Consent Order that had been entered by the bankruptcy court on September 21, 2006. In support of its motion, Mouzon argued that the relief it requested was warranted under Bankruptcy Rule 9024 because the subject Consent Order was based on a material mistake of fact – i.e. mistakes made during the preparation of its delinquent tax returns which resulted in labor costs being erroneously included as taxable income. In response, the Department argued,

---

unpaid taxes of their corporation.

4

*inter alia*, that the motion was time barred by the one-year limitation period prescribed by that Rule.

In deciding the motion, the bankruptcy court concluded it had "authority to reconsider the allowance or disallowance of a claim" in a reopened bankruptcy case under Section 502(j) of the Bankruptcy Code and/or Bankruptcy Rule 3008, but that its authority was "subject to the limitation in Bankruptcy Rule 9024." In re Mouzon Enters., Inc., Case No. 05-86016, slip op., at 6 (Bankr. N.D. Ga. Jun. 19, 2008). The bankruptcy court further concluded that the motion filed by Mouzon seeking to vacate the Consent Order was not barred under Rule 9024, which provides, in relevant part: "Rule 60 F.R.Civ.P. applies in cases under the Code except that ... a motion ... for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c)." In reaching its conclusion, the bankruptcy court held, *inter alia*, that "[t]he word "contest" in Rule 9024 means actual litigation", and while the parties "may have talked, agreed, disagreed, argued and negotiated, ... they did not in fact litigate in the critical sense of having the Court resolve the dispute..." Id. at 7. Finding the motion filed by Mouzon was not time barred under Bankruptcy Rule 9024, the bankruptcy court entered an Order vacating the Consent Order on June 19, 2008.

The Department appealed the decision of the bankruptcy court to the United

5

States District Court for the Northern District of Georgia, where it was affirmed. In its Order, the district court:

> [C]onclude[d] that if an objection is settled by the parties prior to hearing or a ruling by the court, and the court has had no opportunity to either weigh the parties' arguments or issue a ruling declaring a victor in a dispute, no "contest" for the purposes of Rule 9024 has taken place. There is no discussion regarding why the drafters of the Bankruptcy Rules chose to insert this exception in Rule 9024, but it most likely relates to whether a party has had an opportunity to have his arguments considered by the court, and this interpretation furthers that intent.

Georgia Dept. of Revenue v. Mouzon Enters, Inc., Civil Action No. 1:08-CV-2451, slip op. at 6 (N.D. Ga. Mar. 30, 2009). Following the denial of its motion for reconsideration, the Department appealed to this court.

## II. Discussion

In this case, we are asked to consider whether the district court erred in affirming the decision of the bankruptcy court that the motion to vacate filed by Mouzon was timely because the underlying Consent Order was "entered without a contest" as that phrase applies to Bankruptcy Rule 9024. The court may properly exercise jurisdiction in this case under 28 U.S.C. § 158(d), which grants appellate jurisdiction to hear all final orders from a district court that exercised appellate jurisdiction over a bankruptcy court order. See e.g. Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539, 1547 (11th Cir. 1996). "In the bankruptcy context, this court sits as a 'second

6

court of review' and thus 'examines independently the factual and legal determinations of the bankruptcy court and employs the same standards of review as the district court.'" In re Optical Techs., Inc., 425 F.3d 1294, 1299-1300 (11th Cir. 2005) (quoting In re Issac Leaseco, Inc., 389 F.3d 1205, 1209 (11th Cir. 2004)). As the issue on appeal raises a question concerning the interpretation of a Federal Rule of Bankruptcy Procedure, we apply a *de novo* standard of review. See In re Chase & Sanborn Corp., 904 F.2d 588, 593 (11th Cir. 1990). See also In re Fin. Federated Title & Trust, Inc., 309 F.3d 1325, 1328-29 (11th Cir. 2002) ("We review questions of law, whether made by the bankruptcy court or by the district court, under a *de novo* standard.").

In the present case, Mouzon sought relief from the Consent Order claiming mistake, specifically that the amounts allowed by the Order were erroneous because they were based on its delinquent tax returns which had been mistakenly prepared to include labor costs as taxable income. A mistake is grounds on which relief from an order may be granted under Federal Rule of Civil Procedure Rule 60(b)(1), and is thus incorporated into Bankruptcy Rule 9024. See FED. RULES BANKR. P. 9024 (providing: "Rule 60 F. R. Civ. P. applies in cases under the Code ..."). Unlike the federal procedural rules, however, under which certain motions seeking relief must be filed within one year of the date on which the order is entered, see FED. R. CIV. P.

60(c), under the Bankruptcy Rules, the one-year filing requirement does not apply to motions seeking "reconsideration of an order allowing or disallowing a claim against the estate entered without a contest." FED. RULES BANKR. P. 9024. Here, the Department argues that as Mouzon objected to its Proof of Claim, the Consent Order by which the Objection was resolved through settlement was not "entered without a contest" for the purposes of Bankruptcy Rule 9024. The Department further argues that as the motion seeking relief from the Consent Order was filed more than one year after the date on which the underlying Order was entered, the motion should have been denied as untimely under that Rule. Mouzon, however, argues that for a "contest" to exist for the purposes of Rule 9024 "the parties must have actually litigated the objection to the proof of claim." Mouzon further argues that as the bankruptcy judge signed the Consent Order without having heard the merits of the Proof of Claim or the Objection thereto, the Order was entered without a contest and, therefore, its motion seeking relief from that Order was excepted from the one-year filing requirement under the express language of Rule 9024. Thus, the issue before this court is whether an order allowing or disallowing a claim that has been objected to, but settled before being considered on the merits by the bankruptcy court, constitutes an order "entered without a contest" for the purposes of Rule 9024.

The phrase "entered without a contest" is not defined by Bankruptcy Rule 9024.

8

When a specific definition is lacking, this court has held that the federal procedural rules "like any statutory scheme, should be given their plain meaning." Burns v. Lawther, 53 F.3d 1237, 1240 (11th Cir. 1995). See also United States v. Street, 472 F.3d 1298, 1317 (11th Cir. 2006) ("We follow the plain meaning of the actual words used in a court rule, just as we do with statutes."). Thus, to determine the meaning of "contest" in Bankruptcy Rule 9024, "we ... begin by looking to the provisions of the whole law, and ... avoid interpretations contrary to the rest of the statutory scheme." Burns, 53 F.3d at 1241 (citations omitted). "In this way, '[a] provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme - because the same terminology is used elsewhere in a context that makes its meaning clear....'" Id. (quoting United Sav. Ass'n v. Timbers of Inwood Forest, 484 U.S. 365, 370-72 (1988)).

Under both its plain and legal definitions, a "contest" would arise from the filing of an objection to a proof of claim in bankruptcy. See e.g.WEBSTER'S UNABRIDGED DICTIONARY 394 (2d ed. 1983) (defining "contest" as "to dispute, to argue in opposition, to controvert, to oppose"); BLACK'S LAW DICTIONARY 361 (9th ed. 2009) (defining "contest" as "[t]o litigate or call into question; challenge", "[t]o deny an adverse claim or assert a defense to it in a court proceeding"). Likewise, under the Federal Rules of Bankruptcy Procedure, the filing of an objection to a proof

9

of claim gives rise to a contested matter. See Fed. RULES BANKR. P. 9014 (providing: "In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought."); Fed. RULES BANKR. P. 9014 advisory committee's note (providing: "[T]he filing of an objection to a proof of claim, to a claim of exemption, or to a disclosure statement creates a dispute which is a contested matter."); Fed. RULES BANKR. P. 3007 advisory committee's note (providing: "The contested matter initiated by an objection to a claim is governed by rule 9014 ...").

Having considered the plain meaning of the term "contest", and having considered the manner in which that term is used elsewhere in the rules governing bankruptcy procedure, we hold that the filing of an objection to a proof of claim in bankruptcy creates a contested matter. We additionally hold that an order resolving an objection to a proof of claim, regardless of whether it is entered following settlement by the parties or a determination on the merits by the bankruptcy court, is not "entered without a contest" for the purposes of Federal Bankruptcy Rule 9024. Accord In re Tender Loving Care Health Servs. Inc., 562 F.3d 158, 163 (2d Cir. 2009) (explaining that "it was error to conclude that [the Creditor's] claim was 'entered without a contest' when the Debtors had objected to the claim, even though the parties had settled their dispute over the claim without additional court proceedings to decide

10

its merits."); <u>In re Harbor Fin. Group, Inc.</u>, 303 B.R. 124, 136 (Bankr. N.D. Tex. 2003) (finding that claims which had been objected to and later settled by the parties were contested and, therefore, a motion seeking reconsideration of the order by which the claims/objections were resolved was subject to the one-year limitation period of Bankruptcy Rule 9024).

In so doing, we define "contest", as that term is applied in the phrase "entered without a contest" in Bankruptcy Rule 9024, in the same manner as that term is defined elsewhere in the Bankruptcy Rules. Under the Bankruptcy Rules, a contested matter is created upon the filing of an objection to the proof of claim. <u>See</u> Fed. RULES BANKR. P. 9014 advisory committee's note. As such, an order resolving an objected claim, regardless of whether it is entered following settlement or a merits determination by the bankruptcy court, cannot have been "entered without a contest" because the underlying contest came into existence at the time the objection was filed.

Our holding not only promotes consistency among, and a uniform interpretation of, the Bankruptcy Rules, but also avoids the risk of confusion that could result if the term "contest" was defined differently for the purposes of each of the several rules that reference that term. Additionally, establishing a bright line rule that an order resolving an objection to a proof of claim is not "entered without a contest" for the purposes of Bankruptcy Rule 9024, regardless of whether the order is entered

11

following settlement or hearing on the merits, promotes finality by restricting the circumstances under which reconsideration of a bankruptcy court order may be obtained, and provides clear guidance as to whether the one-year limitation period of Bankruptcy Rule 9024 has been implicated.

Finally, we distinguish the case of In re Colley, 814 F.2d 1008 (5th Cir. 1987), upon which Mouzon relies in support of its argument that "[f]or a 'contest' within the meaning of Rule 9024 to have occurred, the parties must have actually litigated the objection to the proof of claim." In Colley, the United States Court of Appeals for the Fifth Circuit interpreted Bankruptcy Rule 9024:

> [T]o provide that, when a proof of claim has in fact been litigated between parties to a bankruptcy proceeding, the litigants must seek reconsideration of the bankruptcy court's determination pursuant to the usual Rule 60 standards if they elect not to pursue a timely appeal of the original order allowing or disallowing the claim.

Id., at 1010. While we agree that litigation of a proof of claim would create a "contest" under the Bankruptcy Rules, we do not read the above quoted language as requiring actual litigation as a condition precedent for implicating the one-year limitations period of Rule 9024. See e.g. In re Tender Loving Care, 562 F.3d at 162 (opining that the Colley court "seemed to indicate the obvious – that under Rule 9024 a proof of claim that has 'in fact been litigated' in a trial on the merits is contested. Colley, however, does not hold, or even hint, that it is required that a claim have been

litigated in a trial on the merits in order to be considered subject to a contest.") (alterations in original) (citations omitted).

To summarize, the filing of an objection to a proof of claim in bankruptcy creates a "contested matter" and, therefore, an order by which that objection is later resolved, whether through settlement or a determination on the merits, is not "entered without a contest" for the purpose of Bankruptcy Rule 9024. Here, as Mouzon objected to the Proof of Claim filed by the Department, the Consent Order by which that objection was resolved following settlement, was not "entered without a contest." Additionally, because the motion filed by Mouzon seeking to vacate the Consent Order was filed more than one year after the date on which the Order was entered, the motion was untimely under Bankruptcy Rule 9024 and should have been dismissed for that reason.

### III. Conclusion

The judgment of the United States District Court for the Northern District of Georgia is hereby REVERSED. The case is REMANDED to the district court with direction to enter judgment in favor of the Department, and to then REMAND the case to the bankruptcy court for further proceedings consistent with this opinion.