UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2006

(Argued: March 22, 2007                    Decided: July 9, 2007)

Docket No.  06-3390-bk

_____

IN RE: APPLIED THEORY CORPORATION, DEBTOR

APPLIEDTHEORY CORPORATION,

*Debtor*,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF APPLIEDTHEORY CORPORATION,

*Appellant*,

— v .—

HALIFAX FUND, L.P., PALLADIN PARTNERS I, L.P., PALLADIN OVERSEAS FUND LTD., HATTERAS PARTNERS, L.P., "FILING FOR" DEAM CONVERTIBLE ARBITRAGE FUND, LTD., SPECTRUM INVESTMENTS PARTNERS, LP, ELLIOTT INTERNATIONAL, L.P., ELLIOTT ASSOCIATES, L.P.,

*Appellees*.

_____

B e f o r e :

WALKER, SACK, and B.D. PARKER,

*Circuit Judges*.

_____

Appeal from an order of the United States District Court for the Southern District of New York (Cote, *J.*), affirming an order of the United States Bankruptcy Court for the Southern District of New York (Gerber, *J.*).

Affirmed.

_____

ANDREW I. SILFEN (Leah M. Eisenberg and Heike M. Vogel, *on the brief*), Arent Fox, LLP, New York, NY, for *Appellant*.

KIRK L. BRETT, New York, NY, *for Appellees* Halifax Fund, L.P., Palladin Partners I, L.P., Palladin Overseas Fund Ltd., Hatteras Partners, L.P. (filing for DeAm Convertible Arbitrage Fund, Ltd.), and Spectrum Investments Partners, LP (David Parker, Kleinberg, Kaplan, Wolff, & Cohen, P.C., New York, NY, *on the brief, for Appellees* Elliott International, L.P., and Elliott Associates, L.P.)*.

PER CURIAM:

Appellant Official Committee of Unsecured Creditors of AppliedTheory Corporation (the "Committee"), appeals from an order of the United States District Court for the Southern District of New York (Cote, *J.*), affirming an order of the United States Bankruptcy Court for the Southern District of New York (Gerber, *J.*) denying the Committee authorization to assert a claim of equitable subordination under Section 510(c) of the Bankruptcy Code, 11 U.S.C. § 510(c), against various lenders ("Lenders") to AppliedTheory ("Debtor").

In its proposed equitable subordination claim, the Committee sought to set aside a transaction in which the Lenders, as insiders of the Debtor, are said to have used their control over AppliedTheory to transform $30 million in convertible unsecured debt obligations into secured debt to the detriment of other creditors. The Committee contended that the transaction

2

occurred at a time when AppliedTheory was insolvent, undercapitalized, and experiencing large losses, and that consideration for the transaction was an advance of an additional $4 million, which was both inadequate and fully secured. According to the Committee, the advance was not a loan but, in reality, a risk investment that should be recharacterized as equity or subordinated to the claims of other creditors.

After the Debtor's Chapter 11 Trustee investigated the claim and concluded it lacked merit, the bankruptcy court denied the Committee permission to pursue the claim. That court concluded, among other things, that, because the proposed claim was not directed toward any particularized injury suffered by any specific creditor, it could not be pursued by the Committee and constitute property of the estate. Because the Trustee had the exclusive authority to assert such a claim and doubted its merit, the court denied the Committee authority to pursue it.

The Committee appealed to the district court, which affirmed. Judge Cote concluded that, while the powers granted to creditors' committees under the Bankruptcy Code have been read to support a qualified right for such committees to sue, this right, under our decision in *In re STN Enterprises*, 779 F.2d 901, 904 (2d Cir. 1985), is contingent upon the Committee obtaining the approval of the bankruptcy court. In addition to court approval, the district court noted that a committee's right to sue is limited to a narrow set of situations, such as where the trustee or debtor-in-possession unreasonably failed to bring suit or where the trustee or debtor-in-possession consents. *Commodore Int'l Ltd. v. Gould (In re Commodore Int'l Ltd.)*, 262 F.3d 96, 100 (2d Cir. 2001).

In determining whether to allow the Committee to sue, the district court concluded that the bankruptcy court had properly applied the factors we identified in *STN*, looking to whether the claim is colorable and whether it is likely to benefit the estate. The district court also affirmed the bankruptcy court's finding that the Committee's proposed claim would not be directed toward a particularized injury suffered by any specific creditor.

**DISCUSSION**

On appeal, the Committee maintains that it is not obligated to seek the court's approval to bring its equitable subordination claim because *STN* does not apply. We exercise plenary review over a district court's affirmance of a bankruptcy court's decision. *Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.)*, 377 F.3d 209, 212 (2d Cir. 2004). We review the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *Id.*

The Bankruptcy Code provides for the appointment of official committees of unsecured creditors in Chapter 11 cases, and sets forth their powers and duties. *See* 11 U.S.C. §§ 1102, 1103. While the Bankruptcy Code authorizes a creditors' committee to "raise and . . . appear and be heard on any issue in a case under" Chapter 11, 11 U.S.C. § 1109(b), this provision does not allow the committee "to usurp the trustee's role as a representative of the estate with respect to the initiation of certain types of litigation that belong exclusively to the estate," *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 503 U.S. 1, 8-9 (2000) (quoting 7 Collier on Bankruptcy ¶ 1109.05 (Lawrence P. King et al. eds., rev. 15th ed. 1999)). Moreover, the Bankruptcy Code "contains no explicit authority for creditors' committees to initiate adversary proceedings." *STN*, 779 F.2d at 904.

4

In *STN*, we recognized that a committee has standing to bring an adversary suit in the context of a bankruptcy proceeding in only two limited instances. There, an unsecured creditors' committee sought leave from the bankruptcy court to sue the president and director of a debtor-in-possession for fraudulent conveyances. We held that "11 U.S.C. §§ 1103(c)(5) and 1109(b) imply a qualified right for creditors' committees to initiate suit with the approval of the bankruptcy court" when the trustee or debtor-in-possession has unjustifiably failed to bring suit or abused its discretion in not suing to avoid a preferential transfer. *STN*, 779 F.2d at 904. We explained that this inquiry would involve a determination as to whether the claim the committee wishes to assert "is likely to benefit the reorganization estate." *Id.* at 905.

Later, in *Commodore*, we held that a committee may sue, with the debtor's consent and the bankruptcy court's approval, so long as the court finds that the suit is "(a) in the best interest of the bankruptcy estate, and (b) is necessary and beneficial to the fair and efficient resolution of the bankruptcy proceedings." 262 F.3d at 100 (internal quotation marks and citation omitted); *cf. Glinka v. Murad (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64, 71 n.7 (2d Cir. 2002) (applying the same analysis to a fraudulent transfer claim brought by an individual secured creditor with the consent of a bankruptcy trustee).

Both cases doom the Committee's appeal. They make clear that claims such as those the Committee wishes to pursue depend on a judicial determination that they are likely to benefit the estate. Here both the trustee and the bankruptcy court concluded that they were not. The Committee advances no reasons for us to disturb these conclusions. Moreover, sound reasons underlie the requirement of court authorization that *STN* and *Commodore* insist upon.

Reorganizations would routinely spin out of control if decisions that would commit the time and limited resources of the estate could be taken without the consent of the bankruptcy court, the entity charged by law with controlling and regulating such matters. Requiring bankruptcy court approval conditioned upon the litigation's effect on the estate helps prevent committees and individual creditors from pursuing adversary proceedings that may provide them with private benefits but result in a net loss to the entire estate. *Cf. Commodore*, 262 F.3d at 99 ("[I]mpartial judicial balancing of the benefits of a committee's representation better serves the bankruptcy estate.") (quoting *Liberty Mutual Ins. Co. v. Official Unsecured Creditor's Comm. of Spaulding Composites Co. (In re Spaulding Composites Co.)*, 207 B.R. 899, 904 (B.A.P. 9th Cir. 1997)). Therefore, beyond the absence of benefit to the estate, approval to litigate is an independent justification for dismissal of this appeal.

Nevertheless, the Committee argues that *STN* and *Commodore* are inapplicable because they involved "derivative" claims brought on behalf of a trustee or debtor-in-possession, whereas its claim for equitable subordination is "direct." According to the Committee, section 510(c) indicates that an equitable subordination claim is a direct claim that can be commenced by parties in interest other than the trustee without first seeking court approval. Unlike other sections of the code, § 510(c), the Committee contends, does not provide that only the trustee may bring equitable subordination claims. *See, e.g.*, 11 U.S.C. §§ 547, 548 (preference and fraudulent conveyance claims). Citing only out-of-circuit authority – *In re Vitreous Steel Prods. Co.*, 911 F.2d 1223 (7th Cir. 1990) – the Committee urges us to adopt a bright-line rule, under which

6

equitable subordination claims "may be brought directly by a creditor, creditors, or a creditors' committee, without Bankruptcy Court approval." We are not persuaded.

In *Vitreous*, the Seventh Circuit held that an individual unsecured creditor had standing to assert a claim for equitable subordination, because, unlike a trustee, the individual creditor seeking equitable subordination "is not acting in the interests of all the unsecured creditors" and "individual creditors have an interest in subordination separate and apart from the interests of the estate as a whole." *Id*. at 1231. We have observed, however, that "[a]n unsecured creditors' committee has a close identity of interests with" the debtor-in-possession insofar as the latter is obligated to pursue all actions that are in the best interest of the creditors and the estate. *Commodore*, 262 F.3d at 99 (quoting *Spalding*, 207 B.R. at 904). It is clear to us, as it was to the district court and the bankruptcy court, that the Committee's proposed equitable subordination claim would not be directed toward any particularized injury suffered by any creditor. The Committee has demonstrated no interest of its own in subordination separate and apart from the interests of the estate as a whole, and has failed to demonstrate why it should be permitted to step into the shoes of the trustee. *Cf*. *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 700-03 (2d Cir. 1989).

In any event, regardless of how the Committee characterizes it, any equitable subordination claim brought by the Committee would allege harm to the Debtor generally and would seek to subordinate the Lenders to other creditors. Since the Committee is not itself a creditor, it does not have any rights held by any creditor to assert such a claim against another

creditor. In other words, the Committee has not sustained an injury for which a "direct" claim might otherwise be available.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.