10-4514-bk
*Universal Serv. Admin. Co. v. Edward P. Bond et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of June, two thousand eleven.

PRESENT:    PIERRE N. LEVAL,
            DEBRA ANN LIVINGSTON,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

---

UNIVERSAL SERVICE ADMINISTRATIVE COMPANY,
        *Claimant-Appellant*,

        -v.-                                          No. 10-4514-bk

EDWARD P. BOND, Liquidating Trustee of the
LIQUIDATING TRUST U/A/W PT-1 COMMUNICATIONS, INC.,
        *Trustee-Appellee*,

PT-1 LONG DISTANCE, INC., PT-1 TECHNOLOGIES, INC.,
        *Debtors-Appellees*.

---

JONATHAN T. CAIN (Sara J. Crasson *on the brief*) Mintz Levin Cohn Ferris Glovsky and Popeo PC, New York, NY *for Claimant-Appellant*.

LAURENCE MAY (Jill B. Bienstock *on the brief*) Cole, Schotz, Meisel, Forman & Leonard, P.A., New York, NY *for Trustee-Appellee and Debtors-Appellees*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Claimant-Appellant Universal Service Administration Company (hereinafter "USAC") appeals from an order entered in the Eastern District of New York (Ross, *J.*) affirming an order of the bankruptcy court (Craig, *C.J.*) denying USAC's motion for reconsideration of its previous order reducing USAC's claim against debtors-appellants PT-1 Long Distance, Inc. and PT-1 Technologies, Inc. (collectively, "PT-1" or "debtors"). Before this Court, USAC contends both courts erred in concluding that the order reducing USAC's claim was ever "entered" against appellant due to an asserted clerical error made with respect to its docket entry. Alternatively, USAC contends the bankruptcy court erred in dismissing its motion for reconsideration insofar as that motion was raised pursuant to Fed. R. Civ. P 60(b)(6). Finally, it argues the bankruptcy court erred in failing to "toll" the statute of limitations for its motion based on the same asserted clerical error. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those issues only as necessary to facilitate this discussion.

We exercise "plenary review over a district court's affirmance of a bankruptcy court's decision." *AppliedTheory Corp. v. Halifax Fund, L.P. (In re AppliedTheory Corp.)*, 493 F.3d 82, 85 (2d Cir. 2007); *see also Superintendent of Ins. v. Ochs (In re First Cent. Fin. Corp.)*, 377 F.3d 208, 212 (2d Cir. 2004). Thus in reviewing the underlying order, "[w]e review the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error." *In re Applied Theory Corp.*, 493 F.3d at 85 (internal citation omitted).

USAC first contends that the order reducing its claim was never "entered" against it because the docket entry reflecting that order did not specify that it adjudicated USAC's claim. The

2

argument is without merit. Bankruptcy Rule 5003(a) requires, for the purpose of providing notice, that the clerk of court "keep a docket in each case . . . and . . . enter thereon each judgment, order, and activity in the case," and, as a preliminary matter, there is no dispute here that the clerk did, indeed, enter the relevant order on the docket. We conclude furthermore that USAC did have actual notice that a motion to reduce its claims had been filed by the debtor and that the order noted in the docket entry adjudicated that motion. In this regard, we note that the docket entry in question clearly cross-referenced that motion and the accompanying moving papers which expressly referred to USAC's claim. Accordingly, we are satisfied that Rule 5003(a)'s requirements were met on these facts and thus reject this claim as meritless.

USAC next argues that the bankruptcy court erred in dismissing its Rule 60(b)(6) motion for reconsideration. We disagree. As the bankruptcy court and district court both correctly observed, the Supreme Court has made clear that Rules 60(b)(6) and 60(b)(1) are "mutually exclusive, and thus a party who failed to take timely action due to 'excusable neglect' may not seek relief more than a year after the judgment by resorting to subsection (6)." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 393 (1993). Accordingly, consistent with the findings of the lower courts, we too reject USAC's attempts to seek relief under subsection 60(b)(6).

Finally, USAC argues the bankruptcy court erred in concluding that a motion to correct the "clerical error" made pursuant to Rule 60(a), even if granted, could not toll the statute of limitations for a subsequent Rule 60(b)(1) motion for reconsideration. However, USAC identifies no basis for concluding the bankruptcy court erred in this respect, and we thus affirm for substantially the reasons amply set forth by the district court.

To the extent USAC raises other arguments on appeal, we have considered those arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk