22-1376
In re Navient Solutions, LLC

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-three.**

PRESENT:
>       JON O. NEWMAN,
>       REENA RAGGI,
>       MYRNA PÉREZ
>               *Circuit Judges.*

_____

In re Navient Solutions, LLC,
>               *Debtor*.

_____

LaBarron Tate, Sarah Bannister, Brandon Hood, Austin Smith,

>               *Appellants*,

>       v.                                                          **No. 22-1376**

Navient Solutions, LLC,

>               *Appellee.**

_____

---

\* The Clerk of Court is respectfully directed to amend the case caption as set forth above.

1

**FOR APPELLANTS:**           GENE W. ROSEN, Smith Law Group LLP, Garden City, NY (Austin C. Smith, Smith Law Group LLP, New York, NY, *on the brief*).

**FOR APPELLEE:**            GEORGE W. HICKS, JR. (Jennifer Levy, *on the brief*), Kirkland & Ellis LLP, Washington, DC (Chad J. Husnick, Kirkland & Ellis LLP, Chicago, IL, *on the brief*).

Appeal from a judgment and orders of the United States District Court for the Southern District of New York (John G. Koeltl, *J.*) affirming, and denying reconsideration of the affirmance of, orders of the United States Bankruptcy Court for the Southern District of New York (Martin Glenn, *B.J.*) dismissing a petition for involuntary bankruptcy ("Petition") and granting a motion for attorney's fees and costs.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court, entered March 23, 2022, and the order of the same court denying a motion for reconsideration, entered May 12, 2022, are **AFFIRMED**.

Bankruptcy petitioners LaBarron Tate, Sarah Bannister, and Brandon Hood ("Petitioners"), and their attorney, Austin C. Smith (together, "Appellants"), argue that the district court erred in affirming the bankruptcy court's dismissal of the Petition against Appellee Navient Solutions, LLC ("Navient") for lack of jurisdiction or, alternatively, on the merits. Appellants further fault the district court for affirming the bankruptcy court's award of some $44,000 in attorneys' fees and costs to Navient, to be paid by Smith, and for denying a motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss only as necessary to explain our decision to affirm.

**DISCUSSION**

The Petition at issue asserts claims against Navient for "[r]efund[s] of overpayment[s]" of student debt in the aggregate amount of $45,683.64. Appellants' App'x at 8. In a 10-page "Statement" attached to Official Form 205 of their Petition, Petitioners conclusorily asserted that money was "wrongfully collected from them after discharge" of certain student loan debts in their individual bankruptcies. *Id.* at 18. Navient moved to dismiss the Petition, and the bankruptcy court held a hearing. Smith filed no opposition on behalf of Petitioners, nor did he attend the hearing.

In a written opinion, the bankruptcy court dismissed the Petition on several grounds, which we examine as necessary below. *See In re Navient Sols., LLC*, 625 B.R. 801 (Bankr. S.D.N.Y. 2021), *aff'd sub nom. Tate v. Navient Sols., LLC (In re Navient Sols., LLC)*, No. 21-cv-2897 (JGK), 2022 WL 863409 (S.D.N.Y. Mar. 23, 2022). In doing so, "[w]e exercise plenary review over a district court's affirmance of a bankruptcy court's decision," reviewing "the bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error." *Off. Comm. of Unsecured Creditors of AppliedTheory Corp. v. Halifax Fund, L.P. (In re AppliedTheory Corp.)*, 493 F.3d 82, 85 (2d Cir. 2007). We review for abuse of discretion the denial of a request to convert a motion to dismiss into a motion for summary judgment and a bankruptcy court's decision to award attorneys' fees and costs. *See Lanza v. Merrill Lynch & Co. (In re Merrill Lynch Ltd. P'ships Litig.)*, 154 F.3d 56, 58 (2d Cir. 1998) (conversion of motion to dismiss into motion for summary judgment); *Lubow Mach. Co. v. Bayshore Wire Prods. Corp. (In re Bayshore Wire Prods. Corp.)*, 209 F.3d 100, 103 (2d Cir. 2000) (award of attorneys' fees and costs).

**I.    The Bankruptcy Court Had Jurisdiction to Dismiss the Petition on the Merits**

The Bankruptcy Code allows a bankruptcy court to abstain from hearing a petition when "the interests of creditors and the debtor would be better served" by doing so. 11 U.S.C.

3

§ 305(a)(1). Appellants do not dispute our lack of jurisdiction to review the district court's affirmance of the bankruptcy court's decision to dismiss insofar as it is based on abstention. That conclusion is supported by 11 U.S.C. § 305(c) (stating that abstention decision under section 305(a) "is not reviewable by appeal or otherwise by the court of appeals"). Instead, they argue that the bankruptcy court's abstention decision deprived that court of jurisdiction alternatively to dismiss the Petition for lack of merit.

*Crest One SpA v. TPG Troy, LLC (In re TPG Troy, LLC)*, 793 F.3d 228 (2d Cir. 2015), forecloses this argument. There, the bankruptcy court dismissed an involuntary bankruptcy petition under sections 303 (for lack of merit) and 305 (based on abstention) and awarded attorneys' fees and costs under section 303(i). *See In re TPG Troy, LLC*, 492 B.R. 150, 159–62 (Bankr. S.D.N.Y. 2013). After the district court affirmed in full, and the creditors appealed, the creditors sought to dismiss their own appeal for lack of appellate jurisdiction, arguing that because the bankruptcy court's abstention decision was unreviewable, the appeal was moot. *See In re TPG Troy, LLC*, 793 F.3d at 231–32. Rejecting creditors' arguments, this court ruled that it had jurisdiction to review at least the bankruptcy court's fees and costs award. *See id.* at 232. Identifying no error in the bankruptcy court's merits dismissal of the petition under section 303(b), we affirmed its award of attorneys' fees and costs under section 303(i), notwithstanding the bankruptcy court's alternative basis for dismissal under section 305. *Id.* at 233–36. Following *TPG Troy*'s reasoning here, we conclude that the bankruptcy court had jurisdiction to dismiss the Petition and award attorneys' fees and costs under section 303, even though it abstained in the alternative under section 305.

## II.     The Bankruptcy Court Correctly Dismissed the Petition on the Merits

As in *TPG Troy*, we consider Appellants' challenges to the bankruptcy court's merits dismissal for the limited purpose of reviewing its fees and costs award.[1] *See In re TPG Troy, LLC*, 793 F.3d at 233 ("We review the conclusion that there is a bona fide dispute requiring dismissal of the involuntary petitions solely for the purpose of deciding whether there was a basis for the award of attorneys' fees and costs."). To affirm, we need only resolve one of Appellants' several challenges to the merits dismissal of the Petition in favor of Navient.[2]

We do so here in concluding that the bankruptcy court did not err in finding that Petitioners' claims were the subject of bona fide disputes within the meaning of section 303(b)(1). That section provides, in pertinent part, that:

> An involuntary case . . . is commenced by the filing with the bankruptcy court of a petition . . . by three or more entities, each of which is . . . a holder of a claim . . . that is not . . . the subject of a bona fide dispute as to liability or amount . . . .

11 U.S.C. § 303(b)(1). Courts apply an "objective test" to assess whether a claim is the subject of a bona fide dispute as to liability or amount. *In re TPG Troy, LLC*, 793 F.3d at 234. Specifically, a court must "determine whether there is an objective basis for either a factual or a legal dispute as to the validity of the debt." *Id.* (quoting *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 117 (2d Cir. 2003), *abrogated on other grounds by Adams v. Zarnel (In re Zarnel)*, 619 F.3d 156 (2d Cir. 2010)). A bona fide dispute exists if "there is either a genuine issue of material fact that bears upon the debtor's liability or a meritorious contention as to the application

---

[1] Although Appellants style their challenges as arguments against the bankruptcy court's dismissal of the Petition on the merits, they appear motivated to escape the award of attorneys' fees and costs against Smith, not to revive the Petition. *See* Appellants' Br. at 9 (seeking only to "vacate all of the Court's rulings *beyond abstention*" (emphasis added)).

[2] We do not (and need not) decide whether fee awards under section 303(i) may be predicated on dismissals under section 305(a). *See In re TPG Troy, LLC*, 793 F.3d at 233 n.1 ("As the parties here rely on the existence of a bona fide dispute as the basis for [the bankruptcy court's] fee award, and as such fees are plainly authorized by the statute, we leave for another day the question of whether a dismissal on abstention grounds also supports a fee award.").

of law to undisputed facts." *Id.* (quoting *In re BDC 56 LLC*, 330 F.3d at 117). "The petitioning creditor bears the initial burden of coming forward with evidence to 'establish a prima facie case that no bona fide dispute exists. Once a prima facie case has been established, the burden shifts to the debtor to demonstrate the existence of a bona fide dispute.'" *Id.* (quoting *In re BDC 56 LLC*, 330 F.3d at 118). The court must determine only whether a bona fide dispute *exists*; it does not *resolve* any dispute. *See id.*

Appellants assert that the Official Form 205 that initiated the involuntary bankruptcy case is alone sufficient to state a claim to defeat a motion to dismiss. That form here includes the conclusory allegation that "[e]ach petitioner is eligible to file this petition under 11 U.S.C. § 303(b)." Appellants' App'x at 7. While Appellants are correct that some bankruptcy courts in the Fifth Circuit have found an Official Form's allegations to be legally sufficient to state a claim, the district court correctly identified that other courts—including ours—frequently find dismissal appropriate despite the filing of an Official Form 205. *Tate v. Navient Sols., LLC (In re Navient Sols., LLC)*, No. 21-cv-2897 (JGK), 2022 WL 1500771, at *3 (S.D.N.Y. May 12, 2022); *see also In re TPG Troy, LLC*, 793 F.3d at 233 (affirming dismissal of petition, where petitioner filed Official Form 205); *In re Skybridge Spectrum Found.*, No. 21-00005-ELG, 2021 WL 2326595, at *3 (Bankr. D.D.C. June 3, 2021) (dismissing petition, where petitioner filed Official Form 205, statement, and three supplements).

We need not here resolve the parties' dispute as to whether or when an Official Form 205 is *alone* sufficient to satisfy section 303(b)(1) and to defeat a motion to dismiss, because Petitioners attached a 10-page "Statement" to their Official Form 205, which may be considered on a motion to dismiss. *Cf. DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (holding that documents attached to complaint or incorporated by reference therein may be considered on Rule

6

12(b)(6) motion to dismiss).  As set forth below, Petitioners' Statement substantially undermines their Official Form 205's conclusory, incorporated allegation that their claims against Navient were not the subject of bona fide disputes.  And "where a conclusory allegation in the complaint is contradicted by a document attached to the complaint, the document controls and the allegation is not accepted as true."  *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 147 (2d Cir. 2011).

Considering Petitioners' Official Form 205 and Statement, we agree with the bankruptcy court and district court that Petitioners' claims against Navient were subject to myriad unresolved legal and factual issues.  First, as to whether Petitioners' student loan debt was discharged, the Statement cites Fifth and Tenth Circuit decisions deeming comparable debt dischargeable.  *See* Appellants' App'x at 16 (citing *Crocker v. Navient Sols., L.L.C. (In re Crocker)*, 941 F.3d 206 (5th Cir. 2019); *McDaniel v. Navient Sols., LLC (In re McDaniel)*, 973 F.3d 1083 (10th Cir. 2020)).  But Petitioners' bankruptcy cases were not in the Fifth or Tenth Circuits.  Thus, the cited cases do not put Petitioners' claims beyond bona fide dispute.[3]  And the Petitioners' Statement acknowledges a plethora of pending litigation in this Circuit on related issues, including other cases filed by Petitioners' counsel Smith.  Although "the mere existence of pending litigation . . . is insufficient to establish the existence of a bona fide dispute," it "strongly suggests" one.  *In re TPG Troy, LLC*, 793 F.3d at 234 (internal quotation marks omitted).  Moreover, the allegations in Petitioners' Statement raise numerous questions of law and fact, including whether,

---

[3] Indeed, at the time of the Petition's filing, the question decided in *In re Crocker* and *In re McDaniel* was pending on an interlocutory appeal in this court.  A district court had certified that case because it involved a question of law as to which there was no controlling decision, *see Homaidan v. Sallie Mae, Inc.*, No. 19-cv-935 (FB), 2020 WL 5668972, at *2 (E.D.N.Y. Feb. 25, 2020) (citing 28 U.S.C. § 158(d)(2)(A)(i)), and a motions panel of this court had authorized the appeal, *see Homaidan v. Sallie Mae, Inc.*, 3 F.4th 595, 600 (2d Cir. 2021).  Thus, this court had not yet found comparable debts to be dischargeable in bankruptcy, and our actions demonstrated the uncertainty surrounding the issue.  Only after the Petition's filing did we join our sister circuits in finding comparable debts to be dischargeable in bankruptcy.  *See id.*

7

even if the relevant debts were dischargeable, a debtor is "automatically entitled to a discharge" or, instead, "must initiate an adversary proceeding." *In re Navient Sols., LLC*, 625 B.R. at 811; *see* Appellants' App'x at 13 (supporting conclusory allegation that student debts were discharged with citation stating only that student debts "*may* be discharge*able*" (emphases added)); *id.* at 16 (supporting assertion that Fifth Circuit "said these debts were discharged" with citation to Fifth Circuit's statement that at-issue loans "are discharge*able*" (emphasis added)).

Second, even if Petitioners' debts had been discharged, their claims would not be free of bona fide dispute because the claims are contingent on a hypothetical, future determination by a bankruptcy court that Petitioners "will need to be refunded in full" for payments made after the purported discharge. Appellants' App'x at 18. Petitioners' Statement acknowledges that their claims would require a bankruptcy court to establish a "constructive trust" on the property "stolen or misappropriated" by Navient before Petitioners would receive "refund[s] of overpayment[s]." *Id.* at 8, 19. Thus, at best, Petitioners' Statement concedes that Petitioners' claims are predicated on an untested theory of recovery subject to bona fide disputes.

For these reasons, Petitioners failed to meet their "initial burden of coming forward with evidence to 'establish a prima facie case that no bona fide dispute exists,'" *In re TPG Troy, LLC*, 793 F.3d at 234 (quoting *In re BDC 56 LLC*, 330 F.3d at 118), such that they failed to state a claim under section 303(b).

**III.    The Bankruptcy Court Did Not Abuse Its Discretion by Refusing to Convert Navient's Motion to Dismiss into a Motion for Summary Judgment**

"[W]here there is a legitimate possibility that the [trial] court relied on inappropriate material in granting" dismissal, we may reverse for failure to convert the motion into one for summary judgment. *Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir. 1999). However, "reversal for lack of conversion is not required unless there is reason to believe that the extrinsic evidence

actually affected the [trial] court's decision." *Id.* at 51. There is no such reason here. Even if the bankruptcy court considered impermissible extrinsic evidence beyond Petitioners' Official Form 205, the Statement, or additional materials of which it could take judicial notice, there is no reason to think such evidence affected the bankruptcy court's decision, given strong record support for dismissing the Petition without reference to extrinsic evidence. Accordingly, the bankruptcy court did not abuse its discretion in refusing to convert Navient's motion to dismiss into a motion for summary judgment.

## IV. The Bankruptcy Court Did Not Abuse Its Discretion by Awarding Navient's Attorneys' Fees and Costs Against Smith

"When an involuntary petition is dismissed, 'there is a presumption that costs and attorney's fees will be awarded to the alleged debtor.'" *In re TPG Troy, LLC*, 793 F.3d at 235 (quoting *In re Mountain Dairies*, 372 B.R. 623, 637 (Bankr. S.D.N.Y. 2007)). "[A]n award of attorneys' fees and costs serves to discourage the filing of involuntary petitions to force debtors to pay on a disputed debt." *Id.* Before awarding fees and costs, courts consider the "totality of the circumstances," including "(1) the merits of the involuntary petition; (2) the role of any improper conduct on the part of the alleged debtor; (3) the reasonableness of the actions taken by the petitioning creditors; and (4) the motivation and objectives behind the filing of the petition." *Id.* (quoting *In re Taub*, 438 B.R. 761, 775 (Bankr. E.D.N.Y. 2010)). Applying this test here, the bankruptcy court concluded that Navient was entitled to only about 10% of its requested attorneys' fees and costs. We find no abuse of discretion in that decision.

Nor did the bankruptcy court err in assessing its award of attorneys' fees and costs against Petitioners' attorney, Smith. Smith repeatedly—and successfully—implored the bankruptcy court to award any such fees against him, and not his clients. *See* Appellants' App'x at 25 (Smith representing that "Smith alone will bear any and all liability resulting from an adverse

9

finding of this court"); *id.* at 173–74 ("THE COURT: . . . So as you come before me today . . . you have acknowledged that any award of fees and costs under Section 303(i)(1) is your responsibility, correct? MR. SMITH: That's correct, Your Honor."). Below, Smith never argued that such an award would be improper. By making the argument here for the first time (and in fact making the contrary argument below), Smith has forfeited (if not waived) the argument. *See Doe v. Trump Corp.*, 6 F.4th 400, 410–11 (2d Cir. 2021).

Finally, Navient's motion for attorneys' fees was not untimely. Appellants cite no case finding the 14-day time limit in Federal Rule of Civil Procedure 54(d)(2)(B)(1) to apply to a request for attorneys' fees and costs under section 303(i). And even if the 14-day time limit applied, it may be amended by court order. Fed. R. Civ. P. 54(d)(2)(B). As the bankruptcy court explained, its order dismissing the Petition expressly reserved ruling on Navient's section 303(i) request subject to further briefing, implicitly extending any time limit, if applicable.

We have considered Appellants' remaining arguments, including those pertaining to reconsideration, and find them to be without merit. Accordingly, we **AFFIRM** the judgment and orders of the district court affirming, and denying reconsideration of the affirmance of, orders of the bankruptcy court dismissing the Petition and awarding attorney's fees and costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10